# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE,** | ) | |
| | ) | |
| | ) | **I.D. No. 1809000343** |
| **v.** | ) | |
| | ) | |
| | ) | |
| **DARRYL GRAYSON,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This 3ʳᵈ day of February 2026, the Court enters the following Order:

## ORDER LIFTING STAY

1.     The Defendant filed a motion under Rule 35(a) for relief from an allegedly illegal sentence pursuant to the ruling of the United States Supreme Court in *Erlinger v. United States*.[1]  This was but one of a barrage of "*Erlinger* claims" from inmates at the Department of Correction filed throughout the Superior Court. In order to allow for an orderly consideration of the *Erlinger* case, the Court stayed further action until the decisional law began to develop as to the judicial response to *Erlinger*.  While further litigation may well yield refinements in the Court's

---

[1] *Erlinger v. United States,* 602 U.S. 821 (2024).

treatment of *Erlinger* claims, many are now ripe for resolution and the Court therefore enters this Order lifting the stay in those cases whose resolution is clear from the developing case law.

## ORDER ON THE MERITS

2. Grayson and others were indicted in connection with a wiretap investigation into drug dealing on the west side of Wilmington. He pled guilty to one count of Criminal Racketeering, a Class B Felony ranging from two to twenty-five years in prison. He also pled guilty to one count of Drug Dealing Tier 4 heroin, also a Class B Felony and also carrying two to twenty-five years.[2]

3. At the time of his plea, the Defendant specifically admitted that he was eligible to be sentenced as a Habitual Offender under 11 *Del. C.* 4214(b) due to the following prior convictions: Receiving Stolen Property (2006), Maintaining a Dwelling (2006), Possession of a Deadly Weapon by a Person Prohibited (2006), Possession within 300 feet of a Park (209), Drug Dealing Tier 2 w/AF (2012).[3]

4. Under subsection (b) of section 4214, the Court must impose one half of the maximum statutory maximum for the offense that is subject to the petition for habitual offender sentencing. The State sought habitual offender sentencing under

[2] *State v. Grayson*, Superior Court Criminal Docket, ID No. 1809000343, Docket Item (hereinafter "D.I. _") 36.
[3] D.I. 36.

the Racketeering count, so the minimum sentence on that charge was twelve and a half years, a fact Grayson acknowledged in the Plea Agreement.[4]  In the Truth in Sentencing Guilty Plea Form signed by Grayson, he identified the range of available punishments as fourteen and a half years (twelve and a half for racketeering plus two for drug dealing) up to life imprisonment.[5]

5.      Grayson says *Erlinger* requires that any fact that increases the available range of punishments for a crime must be put to a jury for fact finding.  An important caveat, however, is that *Erlinger* does not preclude the parties from bargaining over the sentence, so long as the defendant freely admits he is subject to the enhanced sentencing.[6]

6.      Grayson did exactly that here.  Had he proceeded to trial and been convicted on all counts, the State could have filed the habitual petition on every count of conviction, effectively dishing Grayson a sentence of multiple hundreds of years.  *Erlinger* held that facts that increase the mandatory punishment or expand the statutory maximum "must be resolved by a unanimous jury beyond a reasonable doubt (or freely admitted in a guilty plea)."[7]  Clearly, where the facts are not in

---

[4] D.I. 38.
[5] D.I. 36.
[6] *Erlinger*, 602 U.S. at 834.
[7] *Id.*

dispute (that his prior convictions subject him to enhanced sentencing) and the government offers a benefit (by not seeking the maximum punishments available), it makes no sense that the enhancement agreed to by both parties must be submitted to a jury.

7.      Defendant "freely admitted" in his guilty plea that he was subject to enhanced sentencing under the habitual offender law.  This is a category of cases to which *Erlinger* does not apply.  His motion for Correction of Illegal Sentence must therefore be **DENIED** and the Motion for Appointment of Counsel is **MOOT**.

**IT IS SO ORDERED.**

**/s/ Charles E. Butler**
Charles E. Butler, Resident Judge

cc:     Prothonotary
        Darryl L. Grayson (SBI # 00438198)
        Cynthia Hurlock, Deputy Attorney General